UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD ST. PAUL,

Plaintiff,

-against-

HON. NILDA MORALES-HOROWITZ, et al.,

Defendants.

25-CV-4317 (JGLC)

**OPINION AND AMENDED ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Pro se Plaintiff and attorney Richard St. Paul brought this 42 U.S.C. § 1983 action against four individual judges, the Westchester County Family Court, and the New York State Unified Court System ("UCS"). Plaintiff's claims arose from his four-day incarceration for failure to pay child support. Previously, this Court granted Defendants' unopposed Motion to Dismiss Plaintiff's First Amended Complaint in its entirety. Plaintiff now moves under Federal Rule of Civil Procedure 60(b)(1) for relief from the final judgment closing the case and to reopen the case so that he may oppose Defendants' Motion to Dismiss. In the alternative, Plaintiff moves under Federal Rule of Civil Procedure 59(e) to amend the judgment so that dismissal is without prejudice.

The Court denies Plaintiff's motion for relief from the final judgment, but grants in part and denies in part Plaintiff's motion to amend the judgment. Specifically, the Court amends the final judgment so that Plaintiff's claims dismissed on the grounds of the Eleventh Amendment and *O'Shea* abstention are now dismissed without prejudice. Plaintiff's claims dismissed on the grounds of judicial immunity remain dismissed with prejudice.

## BACKGROUND

The Court assumes familiarity with the parties, underlying facts, and procedural history of this matter, as set forth in its May 15, 2026 Opinion and Order. ECF No. 34. Instead, the Court recites the procedural history relevant to the present motion.

On May 15, 2026, the Court issued an Opinion and Order denying Plaintiff's Motion to Amend his First Amended Complaint ("FAC"), ECF No. 9. ECF No. 34. The Court determined that:

> Plaintiff's proposed amendments are futile. The Eleventh Amendment of the United States Constitution bars Plaintiff's claim against the Westchester County Family Court and the UCS, as well as Plaintiff's claims for money damages against Judge Egitto and Judge Morales-Horowitz in their official capacities. Additionally, the *O'Shea* abstention doctrine prohibits this Court from granting Plaintiff's requested injunctive and declaratory relief, or deciding Plaintiff's claim against the Westchester County Family Court, the UCS, CAJ Zayas, and Justice Davidson. Furthermore, all claims for money damages against Judge Morales-Horowitz and Judge Egitto in their individual capacities are barred by judicial immunity.

*Id.* at 6.

However, the Court permitted Plaintiff to file an opposition to Defendants' Motion to Dismiss by June 5, 2026. *Id.* at 17. The June 5, 2026 deadline passed without Plaintiff filing his opposition. Accordingly, on June 15, 2026, the Court issued an Opinion and Order dismissing Plaintiff's FAC with prejudice, for the same reasons as those stated in the Court's earlier May 15, 2026 Opinion—specifically, that "all of Plaintiff's claims are barred by the Eleventh Amendment, the *O'Shea* abstention doctrine, or judicial immunity." ECF No. 35. The following day, on June 16, 2026, the Clerk of Court issued the Clerk's Judgment in favor of Defendants and terminated the case. ECF No. 36.

On July 14, 2026, Plaintiff filed a notice of appeal to the Second Circuit. ECF No. 37. On the same day, Plaintiff filed the present motions for relief from the final judgment, and in the alternative, amendment of the final judgment, under Federal Rules of Civil Procedure 59(e) and 60(b)(1). ECF No. 38 ("Mot."). Plaintiff moves for relief from the Court's final judgment pursuant to Rule 60(b)(1), on the basis that his missing the deadline to oppose Defendants' Motion to Dismiss constituted excusable neglect. *Id.* at 4–5. Defendant explains that he failed to timely file his opposition because the CM/ECF notices of the Court's Order were "sent to [Plaintiff's] registered Gmail account, where Gmail categorized them under 'Updates,'" and thus he "did not see, open, or review" the notices. *Id.* at 2, 8. In the alternative, Defendant moves for amendment of the Court's final judgment pursuant to Rule 59(e), on the basis that his claims, which were dismissed on jurisdictional and sovereign immunity grounds, should have been dismissed without prejudice, rather than with prejudice. *Id.* at 6.

Plaintiff also filed an accompanying proposed opposition to Defendants' Motion to Dismiss the FAC. ECF No. 39 ("Prop. Opp."). In this proposed opposition, Plaintiff "acknowledges that the New York State Unified Court System and the Westchester County Family Court are immune from suit, that official-capacity damages claims are barred, and that judicial immunity presents a substantial obstacle to damages claims based on traditional adjudicative acts." *Id.* at 1. However, he argues that "the FAC pleads official-capacity claims for prospective relief against Zayas and Davidson," "*O'Shea* does not require dismissal with prejudice of every form of prospective relief," and that the Court should assess conduct related to "payment-processing conduct" as ministerial, and therefore not subject to judicial immunity. *Id.* at 2–4.

On July 28, 2026, Defendants filed their opposition to Plaintiff's motion to vacate and amend. ECF No. 41. On August 12, 2026, one day after the deadline, Plaintiff submitted his reply, ECF No. 43, and a motion for leave to submit family court materials under seal or for in camera review, ECF No. 42. Plaintiff explained that the family court materials "bear on issues already raised in the operative First Amended Complaint and the pending post-judgment motion, including the personal-jurisdiction dispute, the procedural handling of Plaintiff's Order to Show Cause, and the implementation of the purge provision on December 19, 2024." ECF No. 42 at 1. Plaintiff further clarified that his "public reply relies primarily on the allegations already contained in the public FAC and on State Defendants' public filings," but he requests to file the materials "only to provide additional context if the Court determines that such review would assist in resolving the pending motion." *Id.* at 2. On August 18, 2026, Defendants opposed Plaintiff's letter-motion for leave to submit the family court materials. ECF No. 44.

Plaintiff's appeal is stayed pending resolution of the present motion. ECF No. 40.

## DISCUSSION

The Court first considers whether relief for the final judgment is warranted, and determines that it is not. However, the Court does determine that amendment of its judgment is warranted in part, and so amends the judgment such that Plaintiff's claims barred by the Eleventh Amendment and *O'Shea* abstention are dismissed without prejudice. Finally, the Court denies Plaintiff's motion for leave to submit family court documents, in support of the merits of his claims.

### I. Plaintiff's Rule 60(b)(1) Motion for Relief from Final Judgment Is Denied

The Court denies Plaintiff's Rule 60(b)(1) motion, because Plaintiff having missed his deadline to oppose Defendants' Motion to Dismiss does not constitute "excusable neglect" and,

in any event, because the substance of Plaintiff's proposed opposition is meritless. Plaintiff moves this Court, pursuant to Rule 60(b)(1), to vacate the final judgment and reopen the case so that he may file his untimely opposition to Defendants' Motion to Dismiss. Mot. at 2. Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [on the ground of] mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). As an equitable remedy, Rule 60(b) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice [and] it constitutes a grand reservoir of equitable power to do justice in a particular case." *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir.1986) (internal citations and quotation marks omitted).

Plaintiff here raises excusable neglect as the grounds for his Rule 60(b)(1) motion. *See* Mot. at 4–5 (discussing and applying the factors considered in evaluating excusable neglect). Factors considered in evaluating Rule 60(b)(1)'s "excusable neglect" standard include "'[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Despite the existence of this four-factor test, the Second Circuit has 'focused on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant.'" *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 400 (S.D.N.Y. 2016) (quoting *id.*). "In evaluating this third factor, the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule." *Id.* (cleaned up).

The Second Circuit has on multiple occasions affirmed a "district court's holding that excusable neglect was unwarranted when the unambiguous language of a court rule required the plaintiff to respond to the defendant's motion . . . by a specific deadline and the plaintiff failed to do so. *Id.* (citing *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 251 (2d Cir. 1997)); *see also Kaplan v. Lehrer*, 173 F. App'x 934, 936 (2d Cir. 2006) (summary order). For example, the Second Circuit has previously affirmed the judgment of a district court, and determined that the district court did not abuse its discretion "in deciding that a [party's] failure to take any action"—specifically, her failure to respond to a defendant's motion to dismiss—"until after the court entered judgment did not qualify as 'excusable neglect' for the purposes of Rule 60(b)(1)." *Kaplan v. Lehrer*, 173 F. App'x 934, 936 (2d Cir. 2006) (summary order); *see also NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 400 (S.D.N.Y. 2016) (denying a plaintiff's Rule 60(b)(1) motion when the plaintiff missed an "unambiguous" deadline to file an opposition to the motion for summary judgment).

Here, Plaintiff asserts that the Court should vacate the final judgment and reopen briefing on Defendants' Motion to Dismiss to "prevent manifest injustice." Mot. at 3. Plaintiff acknowledges that he did not timely oppose Defendants' motion. *Id.* at 2. Plaintiff explains that he did not do so because he did not see the CM/ECF notices emailed to him until after the deadline had passed. *Id.* at 3. In his Declaration appended to his present motion, Plaintiff, who although proceeding pro se is an attorney, acknowledges that "I understand now that the Court communicates through docketed orders and CM/ECF notices and that I was responsible for monitoring the docket. I do not contend that the Clerk failed to send the notices." *Id.* at 8–9. However, Plaintiff's failure to check all categories of his email inbox or monitor the docket as he acknowledges he was required to do does not constitute "excusable neglect."

Furthermore, even if the Court considered Plaintiff's proposed opposition, it is meritless. First, Plaintiff's argument that the Court improperly dismissed the claims for prospective relief against CAJ Zayas and Justice Davidson in their official capacities fails. *See* Prop. Opp. at 2–3. Contrary to Plaintiff's assertion that "[t]he official-capacity claims against Zayas and Davidson should not be treated as claims against immune state entities," the Court did not dismiss the claims against CAJ Zayas and Justice Davidson as barred by the Eleventh Amendment. Prop. Opp. at 3; *see also* ECF No. 34 at 6–8 (dismissing only claims against Defendants UCS and the Westchester County Family Court, as well as claims for compensatory and punitive damages against Judge Morales-Horowitz and Judge Egitto, as barred by Eleventh Amendment immunity).

Rather, as set forth in the Court's May 15, 2026 Opinion and Order, the *O'Shea* doctrine required the Court to abstain from adjudicating Plaintiff's claims against CAJ Zayas and Justice Davidson. ECF No. 34 at 8. In *O'Shea v. Littleton*, 414 U.S. 488, 500–01 (1974), the Supreme Court held that federal courts should abstain from adjudicating claims for injunctive relief against a county magistrate and judge, because the requested relief would constitute "an ongoing federal audit of state criminal proceedings" and would "require . . . the continuous supervision by the federal court over the conduct" of the state judiciary. Similarly, *O'Shea* and its progeny prevent the Court from granting Plaintiff's requested declaratory and injunctive relief, which would have required federal oversight of the state family court system and its internal training, supervision, and case assignments. *See* ECF No. 34 at 8–12.

Second, Plaintiff's argument that "*O'Shea* does not require dismissal with prejudice of every form of prospective relief" because the Court may have "consider[ed] narrower prospective declaratory or injunctive relief" also fails. Prop. Opp. at 3–4. Although Plaintiff

contemplates that his requested relief would not necessarily require the Court to "invalidate a Family Court order, dictate an outcome in a pending case, or . . . review future rulings case by case," Plaintiff fails to identify any narrowed relief that would be permissible under *O'Shea*. *Id.* Furthermore, courts have determined that even narrowed requests for relief may still implicate *O'Shea*, because the relief sought "would inevitably set up the precise basis for future intervention condemned in *O'Shea,*" and "the question of defendants' compliance with any remedy imposed could be the subject of future court challenges." *Disability Rts. New York v. New York*, 916 F.3d 129, 137 (2d Cir. 2019) (citing *Miles v. Wesley*, 801 F.3d 1060, 1064 (9th Cir. 2015)).

Third, and finally, Plaintiff baselessly argues that the Court should assess conduct related to "payment-processing" as ministerial, and therefore not subject to judicial immunity. Prop. Opp. *at* 4. Plaintiff's claims against Judge Morales-Horowitz arise from her judicial conduct of ordering Plaintiff's incarceration because of his failure to pay his child support. In his FAC, Plaintiff alleged that Judge Morales-Horowitz "issued an Order of Commitment against Plaintiff, ordering his incarceration for a period of four months with a purge amount set at $30,000," then "refus[e]d to accept the purge amount tendered in court," and ordered "subsequent incarceration of Plaintiff." FAC ¶¶ 8–11.

Although the order to incarcerate Plaintiff was related to the family court's inability to process Plaintiff's tendered payment, Judge Morales-Horowitz's decisions regarding Plaintiff's incarceration were clearly performed in her judicial capacity. *See Parent v. New York*, 786 F. Supp. 2d 516, 534 (N.D.N.Y. 2011), *aff'd*, 485 F. App'x 500 (2d Cir. 2012) (determining that a state magistrate's recommendation of incarceration for failure to pay child support was within the scope of his judicial capacity, and thus the magistrate was entitled to judicial immunity).

Therefore, Plaintiff's attempt to recast Judge Morales-Horowitz's conduct as ministerial, and thus not covered by judicial immunity, because it involved "payment-processing," is unsuccessful. Prop. Opp. at 4.

In conclusion, Plaintiff's failure to timely oppose the motion to dismiss does not constitute excusable neglect under Rule 60(b)(1) and Plaintiff's proposed opposition to Defendants' motion to dismiss is futile on its merits. For both of these reasons, the Court denies Plaintiff's motion for relief from final judgment.

## II. The Court Amends the Prior Judgment Pursuant to Rule 59

In the alternative, Plaintiff moves this Court, pursuant to Rule 59(e), to amend the prior judgment "to specify that claims dismissed on jurisdictional or sovereign immunity grounds are dismissed without prejudice." Mot. at 6. Rule 59(e) of the Federal Rules of Civil Procedure provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A court may grant a Rule 59(e) motion "only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (cleaned up). It is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017).

Here, the Court dismissed Plaintiff's FAC with prejudice, because "all of Plaintiff's claims are barred by the Eleventh Amendment, the *O'Shea* abstention doctrine, or judicial immunity." ECF No. 35. As an initial matter, the Court maintains that the claims dismissed based on judicial immunity and without leave to amend were properly dismissed with prejudice. *See Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020) ("Because [plaintiff's] claims against Justice

Farneti are barred by absolute judicial immunity, they were correctly dismissed under Rule 12(b)(6).”). The Court, however, agrees that the dismissal of Plaintiff’s claims barred by the Eleventh Amendment and the *O’Shea* abstention doctrine should be without prejudice.

Generally, dismissals based on jurisdictional grounds are without prejudice. “[A]lthough the Second Circuit has not explicitly held that a motion to dismiss on grounds of Eleventh Amendment immunity is a question of subject matter jurisdiction, it has, in recent summary orders, instructed that such dismissals are to be without prejudice.” *Chacko v. Creedmoor Psychiatric Ctr.*, No. 25-CV-3406 (PKC) (TAM), 2025 WL 3295054, at *4 n. 5 (E.D.N.Y. Nov. 26, 2025) (collecting cases). Similarly, the Second Circuit has remanded dismissals to the district court, although affirming the judgment otherwise, in order for the district court to amend its judgment dismissing “with prejudice claims over which it lacked subject matter jurisdiction”—specifically, due to state sovereign immunity—to dismiss these claims without prejudice. *Karupaiyan v. New York*, No. 23-1257-CV, 2024 WL 2174272, at *2 (2d Cir. May 15, 2024), *cert. denied*, 145 S. Ct. 271 (2024). Therefore, the Court amends its final judgment such that Plaintiff’s claims barred by the Eleventh Amendment are dismissed without prejudice.

Furthermore, dismissals due to abstention doctrines are generally without prejudice. *See Am. Trial Laws. Ass’n, New Jersey Branch v. New Jersey Supreme Ct.*, 409 U.S. 467, 469 (1973) (“For that reason, we have held that a dismissal on grounds of abstention so as to permit a state court to pass on an issue of state law must not be with prejudice.”); *Sitgraves v. Fed. Home Loan Mortg. Corp.*, 265 F. Supp. 3d 411, 415 (S.D.N.Y. 2017) (dismissing without prejudice claims pursuant to the *Colorado River* abstention doctrine); *Zavalidroga v. Girouard*, No. 17-CV-682 (BKS), 2017 WL 4803916, at *2 (N.D.N.Y. Oct. 24, 2017) (holding that “a dismissal under the *Younger* abstention doctrine is without prejudice to a federal plaintiff’s resumption of federal

litigation after the state criminal proceeding has ended"). Therefore, the Court grants Plaintiff's motion to amend the final judgment such that his claims dismissed on grounds of abstention are dismissed without prejudice.

### III. The Court Denies Leave to Submit Family Court Materials

Plaintiff requests leave to submit, under seal or for in camera review, family court materials relevant to the merits of his claims. ECF No. 42. The Court denies leave to submit these materials. For the reasons set forth in this Opinion and Order, such filing of the family court materials, which Plaintiff asserts "bear on issues already raised in the operative First Amended Complaint and the pending post-judgment motion," and "offer[] only . . . additional context" to his already-public allegations, would be futile. *Id.* at 1–2.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Relief from Final Judgment Under Federal Rule of Civil Procedure 60(b)(1), but GRANTS IN PART Plaintiff's Motion in the Alternative for Amendment to the Final Judgment. The Court DENIES Plaintiff's Motion for Amendment to the Final Judgment of Plaintiff's claims dismissed on the ground of judicial immunity. However, the Court AMENDS the prior issued Opinion and Order, ECF No. 35, such that Plaintiff's claims dismissed on the grounds of the Eleventh Amendment and abstention are now dismissed without prejudice.

The Court also DENIES Plaintiff's request for leave to file under seal, or for in camera review, family court materials.

The Clerk of Court is directed to terminate ECF Nos. 38 and 42.

Dated: September 29, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge